**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **Akiem Cooper, # 323614** ) | **Case No. 2:14-cv-4368-TMC-MGB** |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Frank Mursier, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

In this civil action, the Defendants have filed a "Motion to Dismiss." (DE# 22). Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, was served with a *Roseboro* order. (DE# 23). Plaintiff filed a "Response" in opposition to the motion to dismiss. (DE# 25). Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. Upon careful review of the record and applicable law, the Magistrate Judge recommends that the motion be **denied** for the following reasons:

**I. Factual Allegations**

Plaintiff is currently incarcerated at Lieber Correctional Institution in South Carolina. (DE# 7, Change of Address). He filed this lawsuit complaining of disciplinary proceedings brought against him after a prison riot at McCormick Correctional Institution ("MCCI"). He sues six individual defendants for alleged violation of his due process rights. The defendants are officials at MCCI: Leroy Cartledge (Warden), Alyson Glidewell (Hearing Officer), Scott Lewis ("Associate Warden of Security"), Major Frank Mursier, Lt. Keith McCurry, and Glenda Myers (Commissary).

In his Complaint, Plaintiff alleges the following: On August 26, 2013, three prison officers were assaulted in a prisoner riot at MCCI. The next day, Plaintiff was placed in the special management unit (SMU) "to be placed under investigation for the assault of the 3 officers." (DE# 1 at 3, ¶ IV, "Statement of Claim"). On November 4, 2013, the investigation was extended by 30 days. On November 27, 2013, Major Frank Mursier, after receiving the investigative report, charged five prisoners, including Plaintiff, with "assault and battery of an employee with intent to kill" (801), "riot" (803), and "inciting/creating a disturbance" (814). That day, Plaintiff was served with a "charge paper" giving him notice of a hearing for the disciplinary charges. (*Id*).

In his Complaint, Plaintiff complains that the incident report was not filled out "correctly." He claims that, pursuant to internal policy of the South Carolina Department of Corrections ("SCDC"), the incident report should have listed all the evidence, all the witnesses, all the employees involved, and the exact location of the offense. (DE# 1 at 3-4, ¶ IV). Plaintiff indicates that Lt. McCurry and Asst. Warden Lewis signed the incident report. (*Id*. at 4). Plaintiff attaches a copy as an exhibit. (DE# 1-1 at 17).

Plaintiff indicates that he requested a "counsel substitute" and that he wanted to be present at the hearing. (DE# 1-1 at 18, Ex. B). On December 3, 2013, Plaintiff submitted a hand-written statement, alleging "procedural errors" under SCDC policy and including a list of questions and 31 proposed witnesses. (*Id*. at 19, Ex. C). Plaintiff also claimed in his statement that "I was not involved in this incident at all." (*Id*.). Plaintiff was provided a "counsel substitute" – Ms. Glenda Myers – who met with Plaintiff on December 5, 2013, and informed him that he could call three witnesses at the disciplinary hearing. Plaintiff alleges that he indicated he wished to call Officer Stafford (one of the assault victims), and two prisoners (Christian Samuels and Billy Lee).

The disciplinary hearing was held on December 6, 2013, with Plaintiff, Ms. Myers (counsel substitute), Officer Glidwell (Hearing Officer), Major Mursier (charging officer), Warden Cartledge, and Asst. Warden Lewis, all personally present. In his Complaint, Plaintiff alleges that the Hearing Officer did not: 1) ask any of Plaintiff's questions, 2) call any of Plaintiff's witnesses, 3) let Plaintiff "review the evidence," or 4) "acknowledge" the procedural errors he listed in his statement. (DE# 1 at 5). Plaintiff complains that Ms. Myers ("counsel substitute") did not question Plaintiff's witnesses, obtain their statements, ask Plaintiff's questions, or obtain documentary evidence. Plaintiff alleges that pursuant to SCDC policy, all of this should have been done. (*Id.*).

In his Complaint, Plaintiff indicates he was found guilty of the assault (801) and riot (803) charges, but that the "inciting/creating a disturbance charge" was dismissed as a lesser included offense. (DE# 1 at 6). He describes the discipline imposed for each charge (801 and 803) as: "360 + 360 days loss of … privileges, 360 days of disciplinary detention, 100 days loss of good-time credits, and failure to earn good-time credits for the month of August."

For relief, Plaintiff seeks a declaration that his due process rights were violated, $20,000 dollars in compensatory damages from each defendant, $20,000 dollars in punitive damages from each defendant, a jury trial, recovery of costs of this lawsuit, and any other proper relief. (DE #1 at 7, paragraph V, "Relief"). The *pro se* Plaintiff does not make any further factual allegations in his Complaint. He does, however, attach 26 pages of exhibits,[1] including:

1) Incident Report, dated 11-27-2013 (DE# 1-1 at 17, Ex. A);

2) Plaintiff's request for "counsel substitute" and to be present at hearing, dated 12-6-2013 (*Id.* at 18, Ex. B "Disciplinary Report and Hearing Record");

3) Plaintiff's hand-written statement, dated 12-3-2013 (*Id.* at 19, Ex. C, "Staff Request");

---

[1] Some of the hand-written notes in the exhibits are only partly legible.

4)  transcript pages from hearing on 12-6-2013 (*Id*. at 20-25, Ex. D, "Disciplinary Hearing Procedure");

5)  "Inmate Grievance Form, Step 1," filed 12-9-2013, with decision on 12-17-2013 denying grievance (DE# 1-1 at 1-3, "it was determined you were actively involved in the assault");

6)  "Inmate Grievance Form, Step 2," filed 12-17-2013, with decision on 1-28-2014 denying grievance (*Id*. at 4-5);

7)  "Inmate Grievance Form, Step 2," with decision on 9-16-2014 granting grievance (*Id*. at 8, "your disciplinary conviction … will be overturned and all sanctions imposed will be lifted");

8)  Administrative Law Court's "Order Granting Motion to Dismiss," dated 9-22-2014 (*Id*. at 6-7, dismissing Plaintiff's administrative appeal for lack of jurisdiction in light of "the Department's decision to overturn Appellant's conviction and lift all associated disciplinary sanctions, including the loss of the one hundred (100) days of accrued good time");

9)  Administrative Law Court's "Order Granting Respondent's Motion for Remand," dated 9-22-2014 (*Id*. at 14-15, "the Department has decided to overturn Appellant's disciplinary conviction. However, due to the seriousness of the allegations against Appellant, the Department requests that the Court remand this matter so that the Department may conduct a new hearing");

10)  duplicate exhibits (*Id*. at 9-13, 16); and

11)  Plaintiff's hand-written request for copies of documents, dated 10-24-2014. (*Id*. at 26).

## II. Discussion

### A. Habeas Petition or § 1983 Civil Action

Review of the Complaint reflects that the prisoner is complaining about alleged procedural deficiencies in his disciplinary proceedings, which he contends amount to a violation of constitutional due process. He appears to challenge his conviction and the imposition of disciplinary sanctions, including disciplinary detention and loss of good-time credits. Such challenges are typically brought in a habeas petition. *See, e.g., Johnson v. Warden, F.C.I. Williamsburg*, Case No. 1:13–cv-3347–JFA–SVH, 2014 WL 4825926 (D.S.C. September 24,

2014), *aff'd* 597 F.App'x 161 (4th Cir. Mar. 12, 2015), *cert. denied*, 136 S.Ct. 556 (2015) (considering prisoner's habeas petition challenging conviction and disciplinary sanctions imposed in a prison disciplinary proceeding); *Coker v. Atkinson*, Case No. 6:14-cv-1272-JMC-KFM, 2015 WL 1311408 (D.S.C. March 20, 2015) (same).

However, the exhibits attached to the Complaint reveal that during the administrative process, the SCDC vacated the conviction and sanctions, restored Plaintiff's good-time credits, and scheduled the matter for rehearing. Specifically, in September 2014, Plaintiff's Step 2 grievance was granted in part and denied in part, as follows:

> "Upon further review, and pursuant with a meeting with the Office of General Counsel, it was determined that your disciplinary conviction of Riot (803), Level 1 offense, case #19 on December 6, 2013 will be overturned and all sanctions imposed will be lifted, to include – 100 – days loss of good time. However, due to the seriousness of this offense, approval for a rehearing has been granted."

(DE# 1-1 at 16). The "Riot" charge was later dismissed. Plaintiff seeks monetary damages, rather than restoration of good time credits. Hence, it appears that this case is properly brought as a civil action, rather than as a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (observing that if a "prisoner is seeking damages, he is attacking something other than the fact or length of his confinement," *i.e.*, something other than the traditional purpose of habeas corpus).

## B. Arguments Presented

The Defendants move to dismiss this case pursuant to Rule 12(b)(6), asserting that: 1) the Complaint fails to state a claim for relief, and 2) Plaintiff's allegation of a due process violation is not cognizable under § 1983 because the disciplinary conviction has not been "invalidated" for purposes of the United States Supreme Court's decision in *Balisok v. Edwards*. (DE# 22).

Plaintiff filed a response, asserting that his disciplinary charges were overturned. Plaintiff argues that although his disciplinary charges were eventually dismissed, "this does not justify the 15 months damage." (DE# 25 at 1).[2] Plaintiff attaches eleven pages of exhibits. (DE# 25, Exs. 1-7), including a document indicating that at the post-remand hearing on October 9, 2014, the charge of "Riot" was dismissed for "insufficient evidence." (*Id*., Ex.1).

### C. Standard of Review

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Allegations have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tobey v. Jones*, 706 F.3d 379, 386 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). The *Twombly/Iqbal* pleading standards apply to *pro se* complaints. *Lisenby v. Riley*, Case No. 5:15–cv–0162-DCN-KDW, 2015 WL 1346777 (D.S.C. March 23, 2015).

Courts liberally construe *pro se* filings, *Estelle v. Gamble*, 429 U.S. 97 (1976), and hold them to a less stringent standard than formal pleadings drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not

---

[2] Although Plaintiff complains of being placed in the special management unit while the riot was investigated, he has not alleged any specific facts indicating that this imposed an "atypical and significant hardship" in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's disciplinary sanctions (now vacated) do not support the legal conclusion that Plaintiff suffered any "atypical hardships." A prisoner's due process rights are not implicated by the imposition of such sanctions. *See, e.g., Hall v. McCabe*, Case No. 8:11–1317–TLW–JDA, 2011 WL 5083219, *2 (July 8, 2011), *adopted*, 2011 WL 5082201 (D.S.C. Oct 25, 2011) (disciplinary detention does not violate due process).

transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). "Liberal construction" means that if the court can reasonably read a pleading to state a valid claim, it should do so, but the court should not "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that a court may ignore a clear failure in the pleading to allege facts setting forth a cognizable claim. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

### D.  **Whether the Complaint States a Plausible Claim for Relief**

To state a claim under 42 U.S.C. § 1983, a complaint must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint does not need to expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346, 347 (2015) (citing *Iqbal*, 556 U.S. at 662).

Plaintiff complains of alleged procedural deficiencies in his disciplinary hearing and concludes that his due process rights were violated.[3] The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S.

---

[3] To the extent the prisoner complains that SCDC did not follow its own "internal policies," such allegation fails to state a plausible claim for a constitutional deprivation of due process. "Alleged violations of due process … are … measured against a federal standard of what process is due and that standard is not defined by state-created procedures … If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by the law is not a federal due process issue." *Riccio v. Cty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir.1990).

CONST. amend XIV, § 1. The United States Supreme Court has established minimal procedural due-process standards for prison disciplinary violation proceedings that may result in a sanction of loss of accrued good-time credits. *Wolff v. McDonald*, 418 U.S. 539, 557 (1974). A prison inmate is entitled to: 1) advance written notice of the charges against him; 2) the opportunity to appear at a disciplinary hearing and present witnesses and evidence, subject to legitimate safety and penological concerns; 3) a written statement of the findings of the hearing officer explaining the decision and the reasons for the action taken; and 4) in some limited circumstances, the right to assistance in preparing a defense. *Id.* at 565–67. The charges must be adjudicated by a fair and impartial tribunal. *Id.* at 569–71.

In his Complaint, the Plaintiff acknowledges that he was given advance written notice of the charges, the opportunity to appear at the disciplinary hearing, the chance to provide his own statement, and had a "counsel substitute."[4] His due process claim focuses largely on the Hearing Officer's alleged failure to obtain witnesses or ask questions requested by Plaintiff. (DE# 1 at 4-5). He also complains that the Hearing Officer did not let him review the evidence used against him or did not comply with internal SCDC policies. (*Id.* at 5). Plaintiff essentially complains that he was not allowed to put on a defense.[5]

---

[4] Although Plaintiff complains about his "counsel substitute," this by itself does not state a due process claim, as the Supreme Court has held that inmates do not have a constitutional right to counsel in disciplinary hearings. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (citing *Wolff*, 418 U.S. at 570); *and see, e.g., Goins v. Cartledge*, Case No. 4:14-cv-3283-RMG-TER, 2015 WL 4504030, *4-5 (D.S.C. July 23, 2015); *Lisenby v. Cartlege*, Case No. 5:14-cv-1546-DCN-KDW, 2015 WL 1146497 (D.S.C. March 13, 2015), *appeal dismissed*, 613 F.App'x 247 (4th Cir. 2015).

[5] Plaintiff has attached the hearing transcript from his disciplinary hearing. (DE# 1-1 at 20-25). It indicates that Plaintiff was charged after an internal affairs investigation. The Hearing Officer considered the "Investigative Report," three Incident Reports, medical reports, and the written statement of Officer Stafford. Plaintiff's "counsel substitute" indicated she reviewed Officer Stafford's statement, but did not personally speak with him. She did not speak with the two prisoners (Plaintiff's requested witnesses) because they were on lock-down. (*Id.* at 22). When the prisoner asked "can I, um, hear the evidence?" the Hearing Officer indicated "I'm not reading all that in. I told you I would consider that at deliberations." (*Id.* at 23).

In the context of prison disciplinary hearings, an inmate's right to call witnesses and present evidence is neither absolute nor limitless. *Wolff*, 418 U.S. at 566-67; *Baxter*, 425 U.S. at 315 (no general right to confront and cross-examine adverse witnesses at prison disciplinary proceedings). Nonetheless, as the Supreme Court held in *Wolff,* prisoners do retain some due process rights in connection with their disciplinary hearings. *See, e.g. Brown v. Braxton*, 373 F.3d 501, 504–05 (4th Cir. 2004) (comparing situations in cases, where "Dalton's right to call witnesses was essentially eviscerated, which *Wolff* does not permit; but Brown's right to call witnesses was instead qualified, which *Wolff* expressly sanctions"). While "the decision of a Disciplinary Hearing Officer to deny an inmate's request to call a witness is not to be lightly second-guessed by courts far removed from the demands of prison administration," *Brown*, 373 F.3d at 505, the Plaintiff has – for purposes of the standard of Rule 12(b)(6) – met the minimal requirements for stating a claim. At this early stage, no more is required. Assuming the Complaint's non-conclusory allegations to be true, and liberally construing the *pro se* Plaintiff's allegations, the Complaint at least states a plausible claim under the due process requirements of *Wolff*.

Any legitimate safety and penological concerns about the presentation of witnesses and evidence at the disciplinary hearing are essentially factual issues for consideration on summary judgment, rather than at this preliminary stage. *See, e.g., Randall v. Pettiford, Case* No. 0:08–cv-3594–JMC–PJG, 2011 WL 586971 (D.S.C. Feb. 9, 2011) (granting summary judgment in case where inmate sought monetary damages for alleged violation of due process in disciplinary proceeding); *Coleman v. Williams*, Case No. 8:14-cv-748-DCN-JDA, 2015 WL 4743755 (D.S.C. Aug. 10, 2015) (granting summary judgment in case where inmate sought monetary damages for alleged violation of due process even though his disciplinary charge had been overturned as a result of his Step 2 grievance).

### E. **Whether Plaintiff's due process claim is cognizable under *Balisok***

The Defendants further assert that "[w]hatever perceived procedural due process deficiencies Plaintiff argues existed at his December 6, 2013 disciplinary hearing are not legally cognizable in a § 1983 lawsuit under the rule of *Edwards v. Balisok*, 520 U.S. 641 (1997)." (DE# 22). Plaintiff responds that although the disciplinary charges were administratively overturned and the case dismissed, "this does not justify the 15 months damage." (DE# 25 at 1). Plaintiff attaches exhibits 1-3, 5, and 6 as evidence that the disciplinary convictions were in fact overturned.

Defendants acknowledge that the Plaintiff's disciplinary convictions were overturned:

> [T]he December 9, 2013 disciplinary hearing about which Plaintiff complains was administratively overturned by the South Carolina Department of Corrections (Department). See Docket Entry Number 1-1, page 6 of 26 ("Subsequently, on September 17, 2014, the Department filed a motion requesting the dismissal of this appeal based upon the Department's decision to overturn Appellant's conviction and lift all associated disciplinary sanctions including the loss of the one hundred (100) days of accrued good time."); see also Exhibit "A" (containing two pages, the first of which containing all recent, nondismissed disciplinary cases; the second of which showing all dismissed cases, including the December 6, 2013 case).

(DE# 22-1 at 2). The Defendants then argue that the prisoner's disciplinary convictions were not "invalidated." (*Id*. at 4, "the December 6, 2013 disciplinary hearing has not been 'invalidated' as that term is used in *Heck*"). They contend that "the only action that has taken place regarding the December 6, 2013 disciplinary hearing is the Department's dismissal of the case; the disciplinary conviction was never invalidated." (DE# 22-1 at 4). Defendants do not sufficiently explain or provide any relevant authority for this alleged distinction.

Although Defendants cite *Nicholas v. White*, C/A No. 8:05-cv-1232-RBH, 2006 WL 2583765 (D.S.C. Sept. 7, 2006) in support, that case is factually distinguishable. The *White* case was decided on summary judgment and involved a prisoner's claim that he was not afforded due

process in connection with his transfer to the "Maximum Security Unit." The Court found that the prisoner "merely disagrees with the decision made by the hearing officer" and that there was "some evidence" supporting the decision. (*Id.* at 5). The Court also observed that the prisoner's suit for damages "would necessarily imply the invalidity of the outcome of his disciplinary hearing and thus his claim is barred under *Heck* and *Balisok.*" (*Id.*).

The Supreme Court's decisions in *Heck v. Humphrey* and *Edwards v. Balisok* govern the analysis of whether a prisoner's § 1983 case is cognizable. In *Heck*, the United States Supreme Court held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court then applied the *Heck* rule to prisoner challenges to procedures in disciplinary hearings.

In *Edwards v. Balisok*, a state prisoner brought a § 1983 claim for damages and declaratory relief, alleging violation of his due process rights due to the procedures used in a prison disciplinary hearing that resulted in the deprivation of his good-time credits. 520 U.S. at 648. The Supreme

Court considered the question of whether such claim was cognizable under § 1983, holding that: (1) claim challenging only the procedures used in disciplinary hearing is not always cognizable under § 1983; (2) prisoner's claim necessarily implied invalidity of good-time credits where it alleged deceit and bias on part of hearing officer; (3) Balisok's claim was not cognizable under § 1983. *Id*. The Supreme Court reasoned that the prisoner's claim about "fraud and deceit" of the hearing officer would "necessarily imply the invalidity of the punishment imposed" and therefore was not cognizable under § 1983. *See e.g.,Dilworth v. Corpening*, 613 F.App'x 275 (4th Cir. September 1, 2015) (affirming dismissal of § 1983 claim because it was not cognizable absent a showing that the disciplinary conviction supporting the revocation of good time credits had been overturned); *Jones v. SC Dept. of Corrections*, No. 1:09–cv–03120–RMG-SVH, 2011 WL 221724 (D.S.C. January 24, 2011) ("Plaintiff has not demonstrated that his state prison disciplinary proceeding and sanction have been overturned or invalidated").

In *Balisok*, the Supreme Court further explained:

> There is, however, this critical difference from *Heck*: [the prisoner] limited his request to damages for depriving him of good-time credits without due process, not for depriving him of good-time credits undeservedly as a substantive matter … The distinction between these two sorts of claims is clearly established in our case law, as is the plaintiff's entitlement to recover at least nominal damages under § 1983 if he proves the former one without also proving the latter one. The principal procedural defect complained of by [the prisoner] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits. His claim is, first of all, that he was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence.

*Balisok*, 520 U.S. at 645. Three justices, in a concurring opinion, also observed that Balisok had alleged other procedural defects, including the failure of the hearing officer "to specify what facts and evidence supported the finding of guilt." *Id*. at 649-50, citing *Wolff*, 418 U.S. at 564–565

(inmate subjected to discipline is entitled to a written statement of reasons and evidence relied on). They explained that "a defect of this order … would not necessarily imply the invalidity of the deprivation of his good-time credits, and therefore is immediately cognizable under § 1983." *Id*. at 649-650. In this instance, the claim appears to be cognizable at the Rule 12(b)(6) stage.

## IV. Recommendation

Accordingly, the Magistrate Judge recommends that the Defendants' "Motion to Dismiss" (DE# 22) be **denied**.

January 29, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the **Important Notice** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).